## In Re: Fuller Estate

*Robert E. McBride,* for plaintiff.
*Bernard J. Hessley,* for defendant.

WOLFE, *P.J.,* September 10, 1985—

### ADJUDICATION

For disposition is a dispute between the surviving spouse of decedent and one of decedent's children

as to the right of the surviving spouse to elect the family exemption from real estate of decedent.

## ISSUE

May Rosemary A. Fuller, surviving spouse of decedent, exercise her right to the family exemption from the family domicile consisting of 74 acres over the objection of one of the heirs, to-wit, Alan Fuller?

## STATEMENT OF FACTS

1. Alva B. Fuller died intestate on April 1, 1983, survived by his wife, Rosemary A. Fuller, five adult children, one adult granddaughter and two minor grandchildren, children of a deceased daughter.

2. The surviving spouse was duly appointed administratrix of the estate. Remaining for disposition is her claim for the family exemption from 74 acres of land being the family domicile, situate in Eldred Township, having a fair market value as appraised by the highest appraiser of two appraisements, to-wit, $29,200.

3. Alan Fuller, stepson to the surviving spouse, objects to her electing to take the family exemption share from the aforesaid realty, claiming a right to disposition in kind up to the value of his intestate share to be acquired through partition procedure.

4. All of the other heirs have agreed that the surviving spouse may elect the family exemption from the realty and pay the difference in its value and the $2,000 exemption to the estate for further administration and distribution to the heirs.

## DISCUSSION OF FACTS AND CONCLUSIONS OF LAW

Counsel for the parties have acknowledged that they have found no reported cases to resolve the issue of whether a surviving spouse may effectively

purchase realty from the estate by means of exercising the family exemption against the realty and paying the excessive value to the estate for final administration. Probably one of the reasons no case law exists is, in our opinion, the statute governing family exemption, 20 Pa.C.S. §3121 et seq, is very specific and clear in this regard.

We believe it urgent to note that decedent died intestate, and therefore no specific devise of the real estate was made. Section 3121 of the Decedents, Estates, Fiduciaries Act makes it clear that the spouse of any decedent dying domiciled in the Commonwealth may retain or claim as an exemption from either real or personal property, or both, not theretofore sold by the personal representative, to the value of $2,000. "Provided, that property specifically devised or bequeathed by the decedent, or otherwise specifically disposed of by him, may not be so retained or claimed if other assets are available for the exemption."

Supporting this right to elect from real estate not specifically devised is section 3123 governing Payment From Real Estate and subsection (b) governing Real Estate Valued at More Than Amount Claimed.

"When the real estate of the decedent cannot be divided so as to set apart the amount claimed without prejudice to or spoiling the whole or any parcel of it and the appraisers shall value such real estate or parcel thereof at any sum exceeding the amount claimed, it shall be lawful for the orphans' court division of original jurisdiction to confirm the appraisement and to set apart such real estate or parcel thereof for the use of the surviving spouse, child or children, parent or parents, conditioned, however, that the surviving spouse, . . . shall pay the amount of the valuation in excess of the amount

claimed, without interest, within six months from the date of confirmation of the appraisement. If the surviving spouse . . . shall refuse to take the real estate or parcel thereof at the appraisement, or shall fail to make payment as provided above, the court, on application of any party in interest, may direct the personal representative or a trustee appointed by the court to sell the same and the sale in such case shall be upon such terms and security as the court shall direct."

Subsection (c) controls Payment of Surplus in this manner:

"The real estate, if taken by the surviving spouse . . . shall vest in him . . . upon his or their payment of the surplus above so much of the exemption as shall be claimed out of the real estate to the parties entitled thereto or to the personal representative of the decedent, as the court, in its discretion, shall direct. . . ."

The act clearly permits the surviving spouse to elect the family exemption share from realty not specifically devised, and provides partition procedure to exercise this right. In our view, when the realty is not specifically devised and there is no other property from which to exercise the family exemption, the surviving spouse may elect against the realty; however, this right is limited to the right of other heirs to receive distribution in kind of the portion of the realty they are entitled to under the intestacy law, provided the realty can be partitioned without spoiling the whole. To hold otherwise would permit a surviving spouse to acquire very valuable property simply by exercising a $2,000 exemption against it and paying the excess in cash to the estate. It may be argued that the heirs are not damaged by this procedure because they receive their respective share in cash. This argument fades, however, when

one contemplates that real estate is unique in that it may not be manufactured and increases in market value as time passes. The heirs, therefore, should have an opportunity through partition, if possible, to acquire their distributable share in kind.

We have no evidence to this point that the realty of decedent may be partitioned without spoiling the whole, and therefore this is to be determined by appraisers.

## CONCLUSIONS OF LAW

1. The surviving spouse, Rosemary A. Fuller, is entitled to elect her family exemption claim in the amount of $2,000 from the 74-acre family domicile situate in Elk Township at the highest appraised value in the amount of $29,200.

2. In the event that the realty may be partitioned without spoiling the whole, the surviving spouse is limited to that portion thereof in sufficient value to $2,000, and if the purparts all exceed $2,000 in value, the surviving spouse shall elect her family exemption from any of the purparts and pay the excess in value thereof to the estate for final distribution.

3. In the event it is determined that the realty may not be partitioned without spoiling the whole, the surviving spouse is entitled to elect the family exemption from the entire property and pay the excess in value thereof to the estate for final distribution in accordance with the procedure of the Decedents, Estates and Fiduciaries Act.

For the foregoing reasons we enter the following

## DECREE NISI

And now, this September 10, 1985, the administratix is authorized and directed to have the 74-acre

tract situate in Eldred Township appraised by a licensed realtor to determine if the realty may be partitioned without spoiling the whole, and if so, to determine through a survey if necessary the division thereof to afford the heir, Alan Fuller, his intestate share in kind. Thereafter, in accordance with Rule 1558 of Rules of Civil Procedure governing partition of realty, the court will schedule a conference to consider if the parties can agree upon a plan of partition or sale as determined by the appraiser; the simplification of the issues; the appointment of a master to carry out the order of partition, and such other matters that may aid in the disposition of the action.